**PETER M. LEVINE**
ATTORNEY AT LAW
444 MADISON AVENUE
SUITE 410
NEW YORK, NEW YORK 10022

TELEPHONE: 212-599-0009
FACSIMILE: 212-838-8663
chief@pmlevinelaw.com

March 1, 2021

> File motion by April 4.
> Response due May 4.
> Reply due May 26, 2021.
> Conference schedule for
> March 25, 2021 is vacated.
> SO ORDERED.
> Dated: 3/15/2021
>
> *P. Kevin Castel*
> P. Kevin Castel
> United States District Judge

Hon. P. Kevin Castel
District Court Judge
United States Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007

Re: Whitaker v. On the Right Track Systems, Inc.
    21-cv-840 (PKC)

Dear Judge Castel:

I represent the defendant, On the Right Track Systems, Inc. I write this Pre-Motion Letter with respect to defendant's proposed motion to dismiss under Rule 12(b). An Initial Pre-Trial Conference is currently scheduled for March 25, 2021.

This case arises from a Patent License Agreement made by Curtain Cuts, LLC, as licensor, and On the Right Track, as licensee. The plaintiff, Jennifer L. Whitaker, seeks recovery of royalties allegedly owed under the Agreement, claiming to be "the successor to Curtain Cuts, the assignee of Curtain Cuts, and/or an intended third-party beneficiary of the Agreement." She has alleged three claims: breach of contract, unjust enrichment, and quantum merit. Not one is viable.

On July 27, 2010, U.S. Patent No. 7,761,935 was issued to Jennifer L. Whitaker for a "shower curtain with flap for use with tub transfer bench." **Complaint ¶ 5 & id., Ex. 1**. On January 18, 2011, Ms. Whitaker assigned the '935 Patent to Curtain Cuts, a Virginia limited liability company. **Id., Ex. 1**. On January 31, 2011, Curtain Cuts entered into a Patent License Agreement with On the Right Track with respect to the '935 Patent. **Id., Ex. 2**. The allegation that Ms. Whitaker herself "entered into" the Patent License Agreement with On the Right Track [id. ¶ 14] deserves no credence. *L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (court need not accept the truth of plaintiff's allegations when they are contradicted by documents attached to the complaint). Since she was never a party to the Patent License Agreement, she can have no claim against On the Right Track for breach of the Agreement. *See Mazzei v. Money Store*, 829 F.3d 260, 270 (2d Cir. 2016) (to prove breach-of-contract claim, plaintiff "required to prove ... a contractual relationship with defendants"); *In re Miller*, 40 A.D.3d 861, 862, 835 N.Y.S.2d 728, 729 (2d Dep't 2007) (appellants "not entitled to the benefit of the arbitration clauses in the partnership agreements to which they were not parties"); *Kensington Court Assocs. v. Gullo*, 180 A.D.2d 888, 889–90,

**PETER M. LEVINE**
ATTORNEY AT LAW

Hon. P. Kevin Castel
March 1, 2021
Page 2

579 N.Y.S.2d 485, 486 (3d Dep't 1992) ("Without a contract capable of enforcement there can be no breach").

On May 10, 2013, Curtain Cuts filed Articles of Cancellation with the Commonwealth of Virginia State Corporation Commission. **Exhibit A**. In the Articles of Cancellation, signed by Jennifer Whitaker, Curtain Cuts represented [at ¶ 3]: "These articles of cancellation are submitted for filing for the following reason(s): Business closed." *Id.* Curtain Cuts also represented [at ¶ 4]: "The limited liability company has completed the winding up of its affairs." *Id.* The State Corporation Commission issued a Certificate of Cancellation with an effective date of May 23, 2013. **Id.**

Under section 13.1-1050 of the Virginia Limited Liability Company Act, upon the effective date of the certificate of cancellation, "the existence of the limited liability company shall cease, except for the purpose of suits, other proceedings, and appropriate actions by members as provided in this chapter." Curtain Cuts had the right under section 13.1-1050.4 to apply to the Corporation Commission "for reinstatement within five years" of the effective date of its Certificate of Cancellation. Curtain Cuts never filed such an application.

As of May 23, 2013, Curtain Cuts could pursue "any remedy available to or against the limited liability company or its members or managers for any right or claim existing, or any liability incurred, before the cancellation." *Va. Code Ann. § 13.1-1050.5.* Under section 213 of the New York Civil Practice Law & Rules, "an action upon a contractual obligation or liability" must be commenced within six years. *2138747 Ontario, Inc. v. Samsung C & T Corp.*, 31 N.Y.3d 372, 375, 78 N.Y.S.3d 703, 705 (2018). In Virginia, the statute of limitations for commencing an action on a written contract is five years. *Hensel Phelps Constr. Co. v. Thompson Masonry Contractor, Inc.*, 292 Va. 695, 702, 791 S.E.2d 734, 737 (2016). Any claim held by Curtain Cuts against On the Right Track under the Patent License Agreement as of the effective date of the Certificate of Cancellation became time barred no later than May 23, 2019.

Curtain Cuts could never have asserted a post-cancellation claim. To establish a claim for breach of contract, a plaintiff must prove, *inter alia*, "performance of the plaintiff's obligations under the contract." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011). Under Virginia law, winding up is completed when all debts, liabilities and obligations of the company have been paid, or a reasonable adequate provision made for them, and all remaining property has been distributed to the members. *Va. Code Ann. § 13.1-1049; In re Garrison-Ashburn, L.C.*, 253 B.R. 700, 707 (Bankr. E.D. Va. 2000). The Complaint alleges [at ¶ 13] that, upon the winding up of Curtain Cuts, the '935 Patent devolved to Jennifer Whitaker. If so, Curtain Cuts could not have possibly performed, and perforce could not have possibly had a claim under, the Patent License Agreement since May

**PETER M. LEVINE**
ATTORNEY AT LAW

Hon. P. Kevin Castel
March 1, 2021
Page 3

23, 2013. On the Right Track could not have possibly breached a contract with an entity that does not exist.

Jennifer Whitaker posits her personal right to recover for breach of contract by proclaiming herself a third-party beneficiary of the Patent License Agreement. Complaint ¶ 22. Her proclamation finds no basis in the Agreement, and the Court has no obligation to accept this "legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *PHL Variable Ins. Co. v. Town of Oyster Bay*, 929 F.3d 79, 89 (2d Cir. 2019).

A third party can assert a claim for breach of contract only if he is an intended beneficiary. *Dormitory Auth. v. Samson Constr. Co.*, 30 N.Y.3d 704, 710, 70 N.Y.S.3d 893, 897 (2018). The contracting parties' intent to benefit the third party must be expressed by "clear contractual language." *CWCapital Investments LLC v. CWCapital Cobalt VR Ltd.*, 182 A.D.3d 448, 452, 122 N.Y.S.3d 595, 600 (1st Dep't 2020). Unless such intent is apparent from the face of the contract, the third party is merely an incidental beneficiary, *i.e.*, someone who may derive a benefit from the performance of the contract but is neither the promisee nor the one to whom performance is to be rendered. *Roosevelt Islanders for Responsible Southtown Dev. v. Roosevelt Island Operating Corp.*, 291 A.D.2d 40, 58, 735 N.Y.S.2d 83, 98 (1st Dep't 2001).

The Complaint nowhere cites any specific language in the Patent License Agreement identifying Jennifer Whitaker as an intended beneficiary or indicating she would be the lone party with an interest in the royalties to be paid. *See Miller & Wrubel, P.C. v. Todtman, Nachamie, Spizz & Johns, P.C.*, 106 A.D.3d 446, 965 N.Y.S.2d 408, 409 (1st Dep't 2013). There is a good reason for this silence: there is no such language. Ms. Whitaker is, at best, an incidental beneficiary with no right to enforce the Patent License Agreement. *Artwear, Inc. v. Hughes*, 202 A.D.2d 76, 82, 615 N.Y.S.2d 689, 692 (1st Dep't 1994).

Jennifer Whitaker signed the Patent License Agreement as an agent for a disclosed principal – Curtain Cuts, the company she formed to license her invention. If she wanted to be a direct beneficiary of the Patent License Agreement, she could have signed the Agreement directly with On the Right Track on her own behalf. She instead deliberately chose to license the patent to her company and have the company contract with On the Right Track – a classic licensing structure designed to shield the inventor from personal liability. Having availed herself of that privilege, she cannot now claim she was really contracting in her personal capacity. What she now claims as her mere private intention is insufficient to overcome the actual language of the Patent License Agreement. *See Steelmasters, Inc. v. Household Mfg. Co.*, 40 A.D.2d 963, 338 N.Y.S.2d 451, 452 (1st Dep't 1972).

Jennifer Whitaker contends she became a successor to Curtain Cuts by virtue of the last sentence in section 11.1 of the Patent License Agreement: "This Agreement is

**PETER M. LEVINE**
ATTORNEY AT LAW

Hon. P. Kevin Castel
March 1, 2021
Page 4

binding upon and inures to the benefit of the parties hereto and their permitted successors and assigns." Complaint ¶ 16. She can take no solace from this sentence. Such a provision "merely makes the agreement assignable but does not work an assignment thereof." *Meado-Lawn Homes v. Westchester Lighting Co.*, 171 Misc. 669, 670, 13 N.Y.S.2d 709, 711 (Sup. Ct. N.Y. Co. 1939), *aff'd*, 259 A.D. 810, 20 N.Y.S.2d 396 (1st Dep't), *aff'd*, 284 N.Y. 667 (1940).

Claiming to be the successor of Curtain Cuts does Jennifer Whitaker no good. A "successor" is "one that succeeds or follows; one who takes the place that another has left and sustains the like part or character." *VKK Corp. v. Natl. Football League*, 244 F.3d 114, 130 (2d Cir. 2001) (quoting Black's Law Dictionary, 1446 (7th ed. 1999)). Even is she succeeded to the company's rights – an invalid legal conclusion – as the successor, she "stands in the shoes" of Curtain Cuts and "does not obtain any greater rights than those originally possessed." *N.Y.S. Workers' Comp. Bd. v. Marsh U.S.A., Inc.*, 126 A.D.3d 1085, 1087, 5 N.Y.S.3d 547, 550 (3d Dep't 2015). Since Curtain Cuts could not have brought this lawsuit, Jennifer Whitaker is barred from doing so. *New Greenwich Litig. Tr., LLC v. Citco Fund Servs. (Europe) B.V.*, 145 A.D.3d 16, 27, 41 N.Y.S.3d 1, 10 (1st Dep't 2016) (standing "in the shoes" of its predecessor, successor bankruptcy trustee could not bring lawsuit predecessor could not have brought).

Jennifer Whitaker's claim to have been the assignee of Curtain Cuts is refuted by Patent License Agreement, which provides [at ¶ 11.1]:

> Neither party may assign this Agreement, in whole or in part, without the prior written consent of the other party; provided, however, either party may assign this Agreement to an entity succeeding, whether by sale, merger, or other corporate reorganization, to substantially all of its assets and business activity for which this Agreement has been entered into upon written notice to the other party and assumption by such successor entity of the assigning party's obligations hereunder. Any attempted assignment in contravention of the foregoing shall be void and of no force or effect.

Curtain Cuts never assigned the Patent License Agreement to a successor entity, and any purported assignment to Ms. Whitaker was not permitted and is a nullity. *Yahudaii v. Baroukhian*, 137 A.D.3d 539, 27 N.Y.S.3d 141, 142 (1st Dep't 2016).

Re-acquiring title to the '935 Patent by virtue of the Virginia Limited Liability Company Act, as she alleges in paragraph 13 of the Complaint, did not imbue Jennifer Whitaker with standing to enforce the Patent License Agreement in her individual capacity. Her allegation of receiving royalty payments directly from On the Right Track after the dissolution of Curtain Cuts [Complaint ¶ 25] is consistent with an oral arrangement for her to receive percentage royalties based on sales of products covered by the '935 Patent – an arrangement from which she has benefitted for the past several years. Alleging such an

PETER M. LEVINE
　ATTORNEY AT LAW
Hon. P. Kevin Castel
March 1, 2021
Page 5

arrangement does not lend any plausibility to her claim for breach of the Patent License Agreement. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (complaint dismissed when there was an "obvious alternative explanation" for the challenged conduct); *Twombly*, 127 S.Ct. at 1971 (complaint dismissed when allegedly wrongful conduct consistent with "routine market conduct").

　　　　Bereft of a claim for breach of the Patent License Agreement, Jennifer Whitaker cannot salvage her case by asserting claims sounding in quasi-contract. The existence of an express contract governing the subject matter of this case bars the unjust enrichment and quantum merit claims. *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 388, 521 N.Y.S.2d 653, 656 (1987) ("The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of same subject matter"); *Pu v. Dow*, 168 A.D.3d 584, 92 N.Y.S.3d 244, 245 (1st Dep't 2019) ("Having entered into a valid and enforceable agreement providing for contingent fee recovery only, plaintiff's argument that he is entitled under quasi-contract theories to recover a fee based on his hourly rate is without merit"); *ABL Advisor LLC v. Peck*, 147 A.D.3d 689, 691, 49 N.Y.S.3d 35, 38 (1st Dep't 2017) ("The existence of express contracts ... bars the unjust enrichment claim").

　　　　I request that the Court set a briefing schedule on a motion to dismiss the Complaint.

　　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　　[signature]

PML/

# EXHIBIT A



**COMMONWEALTH OF VIRGINIA**
**STATE CORPORATION COMMISSION**

Office of the Clerk

May 23, 2013

JENNIFER L. WHITAKER
104 SWEET MAGNOLIA LANE APT 4110
EATONTON, GA 31024

## RECEIPT

RE: Curtain Cuts, LLC

ID: S344074 - 2

DCN: 13-05-10-0231

Dear Customer:

This receipt acknowledges payment of $25.00 to cover the fee for filing with this office articles of cancellation for the above-referenced limited liability company.

The certificate of cancellation was issued with an effective date of May 23, 2013. A copy of the certificate is enclosed.

If you have any questions, please call (804) 371-9733 or toll-free in Virginia, (866) 722-2551.

Sincerely,

*Joel H. Peck*
Joel H. Peck
Clerk of the Commission

RECEIPTLC
LLCL
CISLFD

P.O. Box 1197, Richmond, VA 23218-1197
Tyler Building, First Floor, 1300 East Main Street, Richmond, VA 23219-3630
Clerk's Office (804) 371-9733 or (866) 722-2551 (toll-free in Virginia) www.scc.virginia.gov/clk
Telecommunications Device for the Deaf-TDD/Voice: (804) 371-9206

ENTITY NAME: _Curtain Cuts LLC_

Name availability done in:

Initials: _____   Conflict with ID #: _____

eFile: _____   _____

CIS: _____   _____

ENTITY ID #: _____

DCN #: 130510 0231

_S344/0741_

_CB 5-22   $25_

## CHARTER EXAMINER WORKSHEET

CHARTER / ENTRANCE FEE _____   JURISDICTION: _____

FILING FEE _25_

EXPEDITE FEE(S) _____

| SPECIAL EFFECTIVE DATE / TIME |
|---|
|  |

TOTAL FEES _25_   INDUSTRY CODE: _____

AMENDMENT OR OTHER INFORMATION:   SEND COPY TO: _____

_OK JR2O 5/23/13_

_Dom LLC Canc._

COPYWORK REQUESTED:   CORRESPONDENT:

AMOUNT AVAILABLE
FOR COPYWORK:

_____ MAIL _____
_____ CALL _____
_____ FAX _____
_____ FED EX _____

REVISED 08/11

FOR OFFICE USE ONLY    FOR OFFICE USE ONLY    FOR OFFICE USE ONLY    FOR OFFICE USE ONLY

```
  CIS0368                           CIS                        05/21/13
 1    58  LLCM3220              LLC DATA INQUIRY               14:51:49
     LLC ID:  S344074 - 2  STATUS: 00 ACTIVE    STATUS DATE:  01/21/13
     LLC NAME:  Curtain Cuts, LLC_____

 DATE OF FILING: 11/09/2010  PERIOD OF DURATION:       INDUSTRY CODE: 00
 STATE OF FILING:  VA VIRGINIA           MERGER INDICATOR:
                        CONVERSION/DOMESTICATION INDICATOR:
            P R I N C I P A L   O F F I C E   A D D R E S S
         STREET:  11452 PINEDALE DR

         CITY:  GLEN ALLEN           STATE:  VA  ZIP:  23059-0000
            R E G I S T E R E D   A G E N T   I N F O R M A T I O N
     R/A NAME:  JENNIFER L. WHITAKER

         STREET:  11452 PINEDALE DRIVE
                                                       RTN MAIL:
         CITY:  GLEN ALLEN           STATE:  VA  ZIP:  23059-0000
 R/A STATUS: 2 O/D OF CORP M/M  EFF DATE: 02/10/12 LOC: 143 HENRICO COUNTY
         YEAR      FEES       PENALTY     INTEREST    BALANCE
          12       50.00       25.00
 COMMAND:  ..............................................................
 4AÛ                                                             05,016B
```

1305080042

```
 CIS0368                            CIS                      05/21/13
 1    58  LLCM3240              MICROFILM INQUIRY            14:51:52

    LLC ID: S344074 - 2     LLC STATUS: 00  ACTIVE
  LLC NAME: Curtain Cuts, LLC_____
  _____
 COURT LOCALITY: 143 HENRICO COUNTY

          MICROFILM NO     DOCUMENT TYPE             DATE      PAGES
          12 02 51 0555    LLRA > LLC REGISTERED   02/10/12      2
          10 11 05 0022    LLNC > NEW LLC          11/09/10      4




    COMMAND:   ...........................................................
 4AÛ                                                         06,014B
```

S344074 - 2

# COMMONWEALTH OF VIRGINIA
## STATE CORPORATION COMMISSION

AT RICHMOND, MAY 23, 2013

The State Corporation Commission has found the application for a certificate of cancellation submitted on behalf of

## Curtain Cuts, LLC

to comply with the requirements of law, and confirms payment of all required fees. Therefore, it is ORDERED that this

## CERTIFICATE OF CANCELLATION

be issued and admitted to record with the application for cancellation in the Office of the Clerk of the Commission, effective May 23, 2013.

STATE CORPORATION COMMISSION

By *[signature]*

James C. Dimitri
Commissioner

13-05-10-0231
LLCLACPT
CISLFD

# COMMONWEALTH OF VIRGINIA
# STATE CORPORATION COMMISSION

**LLC-1050**
**(04/09)**

## ARTICLES OF CANCELLATION
## OF A VIRGINIA LIMITED LIABILITY COMPANY

The undersigned, on behalf of the limited liability company set forth below, pursuant to § 13.1-1050 of the Code of Virginia, states as follows:

1. The name of the limited liability company is

   Curtain Cuts LLC

2. The limited liability company's certificate of organization issued by the State Corporation Commission was effective on 11/09/2010.

3. These articles of cancellation are submitted for filing for the following reason(s):

   Business closed.

4. The limited liability company has completed the winding up of its affairs. **(See instructions.)**

5. Any other information the members determine to include herein (optional): NA

Executed in the name of the limited liability company by:

_Jennifer L Whitaker_ (signature)    5/7/13 (date)

Jennifer L. Whitaker (printed name)    Manager (title (e.g., manager or member))

S344074 (limited liability company's SCC ID no. (optional))    804-334-8050 (telephone number (optional))

**CHECK IF APPLICABLE (see instructions):**

☐ The person signing this document on behalf of the limited liability company has been delegated the right and power to manage the company's business and affairs.

*(The articles must be executed in the name of the limited liability company by any manager or other person who has been delegated the right and power to manage the business and affairs of the limited liability company, or if no managers or such other persons have been selected, by any member of the limited liability company, or if the limited liability company was formed without any managers or members and no members have been admitted, by an organizer.)*

**PRIVACY ADVISORY:** Information such as social security number, date of birth, maiden name, or financial institution account numbers is NOT required to be included in business entity documents filed with the Office of the Clerk of the Commission. Any information provided on these documents is subject to public viewing.

**SEE INSTRUCTIONS ON THE REVERSE**

Provide a name and mailing address for sending correspondence regarding the filing of this document. (If left blank, correspondence will be sent to the registered agent at the registered office.)

Jennifer L Whitaker (name)

104 Sweet Magnolia Lane, Apartment 4110; Eatonton, GA 31024 (mailing address)